**E-FILED**
Wednesday, 07 September, 2005  03:15:37 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 98-10048-001 |
| | ) | |
| DEBORAH ROBINSON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| SHADOW RIDGE REALTY, | ) | |
| | ) | |
| Garnishee. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR TURNOVER ORDER

This garnishment proceeding was brought pursuant to the Federal Debt Collection

Procedures Act (FDCPA), 28 U.S.C. §3001 et. seq.  (hereinafter cited by section number only) to

enforce collection of a criminal restitution order.

1.  The balance of the criminal restitution debt owed as of September 7, 2005, is

$74,658.43 ($56,888.24 principal & $17,770.19 interest) which includes 4.616% interest accrued

through September 7, 2005.

2.  The United States Attorney, by delegation of the Attorney General, has the

responsibility to enforce collection of criminal restitution orders. 18 U.S.C. § 3612(c).

3.  Pursuant to the Court's Order (Doc. 19), a Writ of Garnishment was issued (Doc. 20)

and served on Garnishee (Doc. 23).

4. Robinson was advised of her right to a hearing by the Clerk's Notice. (Doc.18)

5.  On August 1, 2005, the Garnishee filed an Answer (Doc. 24) stating the Garnishee

will owe Robinson compensation, that there is a previous garnishment in effect, and that a copy

of the Answer was mailed to Robinson on July 14, 2005.

After a previous garnishment is satisfied, the Garnishee should start withholding on this garnishment. Illinois law specifically provides for subsequent wage deductions to be effective in the order in which they are served. 735 ILCS 5/2-808(c).  The language in the FDCPA writ requires the garnishee to withhold property "in which the debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor..." §3205 (c)(2)(F).

    7.  Neither the Defendant, nor the Garnishee, filed a request for a hearing.

    8.  The FDCPA provides that after a Garnishee files an Answer, and if no hearing is requested within 20 days after receipt of the Answer, the court shall promptly enter an Order directing the garnishee as to the disposition of the judgment debtor's non-exempt interest in such property. 28 U.S.C. § 3205(c)(5) & (7).

    9.  In accordance with § 3002(9) of the FDCPA and § 303 of the Consumer Credit Protection Act (15 U.S.C. §1673), the government is requesting that the garnishee withhold nonexempt disposable earnings being the lesser of 25% of the defendant's disposable earnings or the amount by which the weekly disposable earnings exceed 30 times the federal minimum wage.

    10.  The payments by the garnishee should be made to and through the Clerk of the U.S. District Court in accordance with 18 U.S.C. § 3611.

Respectfully submitted,

**JAN PAUL MILLER**
**UNITED STATES ATTORNEY**


s/Elizabeth L. Collins
By:     Elizabeth L. Collins, Bar No. 487864
        Attorney for Plaintiff
        318 S. 6th Street
        Springfield, Illinois 62701
        Telephone:  217-492-4450
        Fax: 217-492-4888
        E-mail: Beth.Collins@usdoj.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the Memorandum of Law  to:

Deborah Robinson
c/o 1580 S. Melrose Dr., Suite 113
Vista, CA 92083

Shadow Ridge Realty
Attn: Mr. David Passmore, Owner
1580 S. Melrose Dr., Suite 113
Vista, CA 92083

Date: September 7, 2005

s/Elizabeth L. Collins
Elizabeth L. Collins, Bar No. 487864
Attorney for Plaintiff
United States Attorneys Office
318 S. 6th Street
Springfield, Illinois 62701
Telephone:  217-492-4450
Fax: 217-492-4888
E-mail: Beth.Collins@usdoj.gov